PROB 12C
(6/16)

Report Date:  June 22, 2017

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 28, 2017

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Mark Carroll Perry                    Case Number: 0980 2:08CR00189-RMP-1

Address of Offender:                    Spokane, Washington 99205

Name of Sentencing Judicial Officer: The Honorable Fred Van Sickle, Senior U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Rosanna Malouf Peterson, U.S. District Judge

Date of Original Sentence: August 17, 2010

| | | |
|---|---|---|
| Original Offense: | Felon in Possession of a Firearm and Ammunition, 18 U.S.C. § 922(g)(1) | |
| Original Sentence: | Prison - 100 months;<br>TSR - 60 months | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>(October 6, 2016) | Prison - 8 months;<br>TSR - 52 months | |
| Asst. U.S. Attorney: | George J. C. Jacobs, III | Date Supervision Commenced: April 21, 2017 |
| Defense Attorney: | Daniel Noah Rubin | Date Supervision Expires: August 20, 2021 |

## PETITIONING THE COURT

### To issue a warrant.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition # 12**: The defendant must live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant must notify the probation officer at least 10 calendar days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. |

**Supporting Evidence**:  On April 26, 2017, Mr. Mark Perry signed his conditions of supervision relative to case number 2:08CR00189-RMP-1, indicating that he understood all conditions as ordered by the Court.  Specifically, Mr. Perry was made aware by the U.S. probation officer that he must live at a place approved by this officer and that he could not change the circumstances of where he lived without providing notification to this officer within the time frames as articulated within the condition. Additionally, the client was

Prob12C
**Re: Perry, Mark Carroll**
**June 22, 2017**
**Page 2**

specifically instructed that while he could reside at other locations on a temporary basis, this officer requested notification when he intended to do so, as well as the address of where he would be staying.

On June 20, 2017, the undersigned officer received a voice mail from the client's mental health provider who expressed a recent inability to contact the client for scheduling. The undersigned officer then attempted to contact the client via telephone on both June 20, 2017, and again on June 21, 2017, on both occasions leaving voice mails requesting a return call as soon as possible. The client failed to respond to these directives.

On June 21, 2017, the undersigned officer contacted the program manager for the clean and sober residence where the client was previously residing and was informed by this individual that the client had not stayed at the residence in approximately 1 week, that he did not attend the mandatory house meeting previously scheduled on Tuesday (June 20, 2017), and that she was unaware of his current location.

Also occurring on June 21, 2017, the undersigned officer contacted the client's assigned Washington State Department of Corrections officer located in Spokane, and learned that the client had absconded from supervision with an entity and was currently on warrant status after having failed to report to their office as previously directed on June 13, 2017.

Mr. Perry was at no time given permission to change his address and at no time contacted this officer with respect to a temporary or permanent change in residency as required, and as directed. Mr. Perry's current level of compliance with his conditions of supervised release as ordered by the Court, and his current location for contact are unknown to the U.S. Probation Office.

2      **Standard Condition # 13**: The defendant must allow the probation officer to visit the defendant at reasonable times at his or her home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

**Supporting Evidence**: On April 26, 2017, Mr. Mark Perry signed his conditions of supervision relative to case number 2:08CR00189-RMP-1, indicating that he understood all conditions as ordered by the Court. Specifically, Mr. Perry was made aware by the U.S. probation officer that he must allow the U.S. Probation Office to conduct random and scheduled home and community contacts with him while on supervised release and that plain view inspections would be conducted during these contacts.

On June 21, 2017, the undersigned officer contacted the program manager for the clean and sober residence where the client was previously residing, and was informed by this individual that the client had not stayed at the residence in approximately 1 week, that he did not attend the mandatory house meeting previously scheduled on Tuesday (June 20, 2017), and that she was unaware of his current location.

Through Mr. Perry's wilful decision to abscond from supervised release and his wilful failure to update the U.S. Probation Office as to his current location, whereabouts, or situation, the U.S. Probation Office has been and will continue to be unable to conduct home and community contacts with the client as required by his conditions of supervised release, to ensure the client's compliance with his conditions as ordered by the Court.

**Prob12C**
**Re: Perry, Mark Carroll**
**June 22, 2017**
**Page 3**


The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the offender to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  June 22, 2017
_____

s/Chris Heinen
_____

Chris Heinen
U.S. Probation Officer


THE COURT ORDERS

[  ]    No Action
[X ]    The Issuance of a Warrant
[  ]    The Issuance of a Summons
[  ]    Other

_____
Signature of Judicial Officer

6/28/2017
_____
Date